UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEDRA MERRIWEATHER,

        Plaintiff,

v.

UNITED STATES STEEL
CORPORATION,

        Defendant.

_____/

Case No. 2:18-cv-10664
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, TO COMPEL PRODUCTION OF DISCOVERY AND PLAINTIFF'S DEPOSITION (DE 18) AND EXTENDING DISPOSITIVE MOTION DEADLINE**

Currently before the Court is Defendant's motion to dismiss for failure to prosecute or, in the alternative, to compel production of discovery and Plaintiff's deposition (DE 18), Defendant's reply in support (DE 26) and Defendant's statement of unresolved issues (DE 28). This matter has been referred to me for all pretrial purposes. (DE 6.)

The parties came before me for a hearing on December 6, 2018. Plaintiff appeared *pro* se and Carly O. Machasic appeared for Defendant. For the reasons stated on the record, all of which are incorporated by this reference as through fully

restated herein, Defendant's motion is **GRANTED IN PART AND DENIED IN PART** as follows.

**A. Defendant's Motion**

On October 9, 2018, Defendant filed the instant motion, seeking dismissal of Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or, in the alternative, an order compelling Plaintiff to: (1) produce her initial disclosures and serve her responses to Defendant's First Request for Production or Documents and Interrogatories (served on July 16, 2018) by October 17, 2018; and (2) appear for her deposition on October 25, 2018, or at a mutually agreeable time. (DE 18.) On or about October 23, 2018, Plaintiff authorized legal counsel from the Federal *Pro Se* Legal Assistance Clinic to attempt to resolve the issues raised in the motion, and the parties entered into a Stipulated Order Compelling Plaintiff's Discovery and Deposition (DE 20). Defendant represents that Plaintiff served her initial disclosure on October 26, 2018, which included her witness list, and appeared for her deposition on November 5, 2018. However, Defendant asserts that two issues remain outstanding: (1) Plaintiff's failure to provide all documents responsive to Defendant's discovery requests, and (2) Plaintiff's failure to execute Defendant's proposed protective order and provide medical authorizations.

**B. Order**

First, because Plaintiff has now, although belatedly, produced her initial disclosures and served her witness list, responded to discovery requests, produced documents, and attended her deposition, the Court declines to grant Defendant's motion to dismiss for failure to prosecute at this time, and accordingly that request is **DENIED**.

However, Defendant's motion to compel is **GRANTED IN PART** as follows:

(1) Plaintiff must produce, on or before **DECEMBER 14, 2018**, any and all additional documents (1) responsive to Defendant's discovery requests, including but not limited to thus far unproduced notes referenced on pp. 59-60 of her deposition (DE 26-1 at 5) and including any such information stored on her cell phone and/or in prior residences/storage facilities, as she described at the hearing, or (2) that Plaintiff intends to use in support of her claims in this lawsuit. <u>Plaintiff is cautioned that she may not use any document(s) for any purpose in this lawsuit that is/are not produced to Defendant by the December 14, 2018 deadline.</u>

(2) The dispositive motion deadline is extended to **JANUARY 16, 2019**.

(3) To the extent Defendant determines, after reviewing any additional documents produced by Plaintiff on or before December 14, 2018, that it needs to depose Plaintiff on the information contained in those additional documents, it may do so prior to the January 16, 2019 dispositive motion deadline. Any such deposition shall be limited to the subject matter contained in those additional documents and limited to no more than two hours.

(4) At the hearing, the parties executed the stipulated protective order, which as been entered as DE 29, and Plaintiff executed six medical

authorizations for records from her medical providers, and provided those authorizations to counsel for Defendant.

(5) If Defendant's motion for summary judgment is denied, and to the extent Defendant determines, after reviewing any medical records produced by Plaintiff's medical providers, that it needs to depose Plaintiff about the information contained in those records, it may do so at any time after denial of summary judgment by the district judge and before the final pretrial conference. Any such deposition is limited to the information contained in Plaintiff's medical records, and limited to no more than two hours.

Finally, the Court declines to award costs to either side. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted in part and denied in part, the Court may apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(A). The Court declines to do so at this time. Further, Plaintiff explained that the delay in production of additional documents is due in part to technological difficulty in retrieving information from an old cellular phone in document form and/or difficulty retrieving documents from a prior residence or storage facility. As such, an award of costs would not be appropriate or just in this matter.

**IT IS SO ORDERED.**

Dated: December 6, 2018   s/*Anthony P. Patti*
　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 6, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti